## THEODORE HEILMAN v. JACOB WEINMAN.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 2 OF ALLEGHENY COUNTY.

Argued October 30, 1890—Decided January 5, 1891.

(*a*) The plaintiff, operating a coal mine on the north side of a road, under
a written lease from the defendant, made a parol agreement with the
latter that if he could find coal on the south side of the road, the defend-
ant would lease to him eight or ten acres thereof, for as long as it would
last, at a certain rental.

(*b*) The plaintiff having developed coal on the south side of the road and
opened and prepared a pit, and a platform and road for the working of
it, on the faith of the parol agreement, the defendant then refused to
execute the lease and ordered the plaintiff to cease work, whereupon
the latter sued for damages :

1. These facts, being found by the jury upon evidence properly sub-
mitted, the parol contract was an independent agreement, upon the
breach of which the plaintiff was entitled to recover damages to the
value of his work done: moreover, the case was unaffected by the
statute of frauds, and no change of the written contract by parol was
involved.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 116 October Term 1890, Sup. Ct.; court below, No. 100
October Term 1889, C. P. No. 2.

On July 29, 1889, a summons was served in assumpsit
brought by Theodore Heilman against Jacob Weinman. Issue.

At the trial on April 10, 1890, by evidence of facts more
fully stated in the opinion of the Supreme Court, it was made
to appear that, in the year 1888, the plaintiff was operating a
coal pit on the north side of the Frankstown road, under a
written lease thereof to him from the defendant; that he de-
sired more coal, and it was agreed by parol between him and
the defendant that if coal were found on the south side of the
road, after a search for it, the defendant would have a survey
made of eight or ten acres, not less than eight of it, and make
a lease thereof to plaintiff for as long as coal was in the hill,
at one and a fourth for black coal and a cent for red; that, in

### Charge of Court below.

pursuance of said parol agreement, the plaintiff, after two failures to find coal on the south side of the road, succeeded in a third attempt, opened a pit, drove an entry, framed the pit mouth, laid in a track, built a platform, made a road to the platform, and put up abutments and laid stringers for a bridge on the road, when the defendant stopped him, refusing to execute the promised lease.

The defendant denied that he had made the parol contract alleged by the plaintiff, and claimed from the testimony introduced by him that all the work done by the plaintiff was done under the written lease between them.

Jacob Vogel, called for defendant:

By Mr. Williams : We propose to show, by the witness on the stand, that plaintiff had performed the work of mining in the entry on the north side of the Frankstown road in a negligent and unskilful manner; this, for the purpose of showing that, by reason of such negligent and unskilful work, the driving of an entry was necessitated on the south side of the Frankstown road, for the purpose of mining the coal in the Etter mine; it having been already testified to by previous witnesses that that is the same vein of coal on both sides of Frankstown road.

Objected to, as incompetent and irrelevant.

By the court: Objection sustained; exception.[1]

At the close of the testimony, the court, WHITE, J., instructed the jury, and answered certain points for instruction, presented by the defendant, as follows :

1. The legal construction of the written contract under seal, the existence and execution of which is admitted by both plaintiff and defendant, is that it related to and embraced the coal lands of defendant on both sides of the Frankstown road, and the court should so instruct the jury.

Answer : The written agreement embraced coal on both sides of the Frankstown road; but, whether it embraced the coal involved in this action is a question of fact for the jury, for the boundaries of the coal in the written agreement are not defined.[2]

2. That the written contract governs and controls this case, and, under the terms and conditions of said contract, the verdict must be for the defendant.

Charge of Court below.

Answer: Refused.[3]

3. Should the court refuse to charge as prayed for in defendant's fi. st and second points, then it is asked to say to the jury that the uncontradicted evidence in the case, that the vein of coal was the same on both sides of Frankstown road, taken in connection with the language of the written agreement, is so strong and controlling that the verdict must be for the defendant.

Answer: Refused.[4]

4. Under all the evidence in this case, the verdict must be for defendant.

Answer: Refused.[5]

5. If the court refuse to charge as above asked for, then it is requested to instruct the jury that the alleged oral agreement, on which plaintiff relies, is within the intent and meaning of the statute of frauds; and, the same not having been executed in conformity with the statute and the existence of the same having been denied by defendant under oath, it is the duty of plaintiff to satisfy the jury by clear, strong, and positive testimony, and by at least two witnesses, or by one witness and corroborating circumstances, of the existence of such alleged oral agreement, and that his possession of the entry or mine on the south side of the Frankstown road was held thereunder; otherwise, the verdict must be for defendant.

Answer: The lease contemplated by the oral agreement, as claimed by the plaintiff, having more than three years to run, was within the statute of frauds and could not be enforced. This action is not for that purpose. The plaintiff claims that, in pursuance of an oral agreement and promise of the defendant to give him a lease, he did work and incurred expense under the direction of the defendant, preparatory to obtaining the lease, and then the defendant refused to give the lease. This action is to recover damages for the work and labor thus incurred. This point is therefore refused.

6. If the jury believe that the work done and materials furnished by plaintiff and for which this action is brought, were occasioned or necessitated by reason of the negligent or unskilful mining of plaintiff, done under the written sealed contract, and was done at plaintiff's own instance, in order to take out the same coal covered by the written contract, and that plaint-

iff by unskilful mining had cut the same off and was unable to take it out through the old entries, then the written contract was not affected thereby and the verdict must be for defendant.

Answer: Affirmed.

7. In the event that the jury find the alleged parol agreement to have been made as set up by plaintiff, yet if the jury also find that, at the time defendant notified plaintiff to quit work, the plaintiff was not mining in a workmanlike manner, but unskilfully and not according to said parol contract, and to defendant's damage as owner of the coal, then plaintiff is not entitled to recover in this action.

Answer: Affirmed.

—The jury returned a verdict for the plaintiff for $768.20. A rule for a new trial having been discharged, the defendant took this appeal, assigning for error:

1. The refusal of the defendant's offer.[1]

2–5. The answers to the defendant's points.[2 to 5]

*Mr. G. W. Williams* (with him *Mr. N. S. Williams*), for the appellant.

Counsel cited: (1) First N. Bank v. Wirebach, 106 Pa. 47; First N. Bank v. Bank, 114 Pa. 1. (2) 2 Reed on Stat. of F., §§ 455, 462; Goucher v. Martin, 9 W. 106. (3) Sylvius v. Kosek, 117 Pa. 67; Quick v. Van Auken, 3 Penny. 469; McCauley v. Keller, 130 Pa. 53; 1 Greenl. Ev., § 51 a.

*Mr. John S. Ferguson*, for the appellee.

Counsel cited: Bender v. Bender, 37 Pa. 419.

OPINION, MR. JUSTICE GREEN:

This was not a proceeding for the specific performance of a contract for the sale or lease of land, nor was it an action founded upon an alleged change by parol of the terms of a written agreement; but it was an action to recover the actual damages sustained by the plaintiff, in his part performance of a parol agreement which, as he alleges, the defendant made with him to grant him a lease of land for coal mining purposes, and afterwards refused to perform. The plaintiff claims that he went to work on the land, and made excavations until he found coal, and commenced taking it out, when the defendant notified

him to quit work and refused to give him any lease of the land. He claims to recover from the defendant his actual loss in conducting the work, including the cost of excavation and mining. It will be perceived at once that no question arises involving the application of the statute of frauds, nor any question concerning the alteration of a written contract by parol. If the contract alleged by the plaintiff was not made by the parties, he has no case; if it was made as he alleges, he has a case, and it is not affected by the statute of frauds, or the rule of law which prohibits the change of written contracts by parol.

There was a written contract between the parties made in July, 1887. By it the defendant " consented " that the plaintiff should " have the privilege of mining and selling coal from the pit situate on north side of Frankstown road, in Penn township, Allegheny county, Pa., and known as Etter's Pit, (formerly worked by John Etter, and owned by the said Jacob Weinman,) for the period commencing on this date, (July 27, 1887,) and expiring August 1, 1890." In the whole of the lease there are no other words than these, which describe the land upon which the plaintiff was to mine and sell coal. No quantity, and no boundaries of the land are described. It was, however, from Etter's pit and on the north side of Frankstown road that the plaintiff's operations were to be conducted. There was a further provision of the lease " that no coal shall be taken out or mined within the north or south lines of Frankstown road, nor within such distance of either line of Frankstown road as may be hereafter designated by the said Jacob Weinman." Now, the plaintiff alleges that in June, 1888, after he had been working under the contract for nearly a year, he was in need of more coal than he could get from the Etter pit, and he applied to the defendant for a lease of eight or ten acres of other land of the defendant, on the south side of the Frankstown road, and that the defendant promised it to him; that the defendant went with the plaintiff upon this piece of land, and set the plaintiff to work, at first one place, and then another, at both of which he found no coal after he had sunk excavations for that purpose, and then, at a third place, where coal was found; that he (the plaintiff) drove an entry in about 180 yards, framed about thirty yards of it, put down a track, furnished the iron and other materials, built a

platform, and was taking out coal under this verbal contract, until in July, 1889, when the defendant ordered him to quit mining, and leave the premises, and refused to give him any lease of this land.

The plaintiff testified to all of these matters when examined as a witness, and said that the defendant agreed that when coal was found, he would send a surveyor to survey off eight or ten acres of the land at the place where the coal was found, and would make a lease of that land to the plaintiff, to last as long as coal was found. The defendant denied that he had made any such agreement, but alleged that all of this work, which he admitted was done, was performed by the plaintiff under the original written lease, and alleged further that the plaintiff had conducted his mining operations on the north side of Frankstown road negligently and injuriously to the defendant as owner, and that that was the reason why he ordered the plaintiff to quit work. The plaintiff was supported in his testimony by one witness named Jack, who testified substantially as the plaintiff did, in regard to the actions of the defendant and his promise to make a lease for the eight or ten acres if coal was found. The learned court below, in an exceedingly lucid and impartial charge, submitted all the evidence to the jury, who found a verdict in favor of the plaintiff, and thereby determined the disputed questions of fact as to the making of the subsequent parol contract, its performance by the plaintiff, and its breach by the defendant, in favor of the plaintiff.

It is perfectly obvious that no other course could have been pursued by the court. The question involved was one purely of fact; the kind of contract set up by the plaintiff was perfectly legitimate; it was not affected by the statute of frauds so far as a recovery in this action was concerned, and it did not involve any change of a written contract by parol. If the plaintiff incurred expense in his performance of the contract, and the defendant prevented him from proceeding further, without right, he was undoubtedly entitled to recover the expenses to which he had been subjected. We find no error in the treatment of the case by the court. The first assignment of error is not pressed, and is without merit. It was no defence to this action that the plaintiff had negligently worked another mine leased from the defendant. The answer to the

defendant's first point was entirely correct.   His second, third, and fourth points required the case to be taken from the jury, which certainly could not be done.   We think the case was well and carefully tried by the court below, and that the defendant was accorded every opportunity for a favorable decision by the jury to which he was entitled.

Judgment affirmed.

